Williams *v.* Vreeland.

CORNELIUS VREELAND and others, executors, appellants,

*v.*

SARAH A. WILLIAMS and others, respondents.

1. Equity will enforce a parol promise, made by a legatee to a testator, to hold the legacy for the benefit of a third person. Parol evidence is not competent to vary a will; the ground upon which the trust is enforced is simply that of fraud practiced by the party on whom the trust is fastened.

2. To maintain the bill, two facts must concur: First—that the testator gave the legacy to the defendant, not for his own benefit, but as a trustee for the complainant. Secondly—that the testator's mind was made known, before his death, to the legatee, and the legacy was accepted by him on this footing.

3. Any declaration of intention on the part of a testator, different from that expressed in the will, is incompetent as evidence, unless it was communicated to the legatee, assented to by him, and such assent acted upon by the testator.

On appeal from a decree of the chancellor, reported in *Williams* v. *Vreeland, 5 Stew. Eq. 135.*

*Mr. Thomas N. McCarter* and *Mr. B. A. Vail,* for appellants, cited—

*1 Story's Eq. Jur.* § *256; 2 Story's Eq. Jur.* § *781; Jones* v. *Badley, L. R. (3 Ch. App.) 362; Rowbotham* v. *Dunnett, L. R. (8 Ch. Div.) 430, 437; Williams* v. *Fitch, 18 N. Y. 546; Church* v. *Ruland, 64 Pa. St. 432, 442; Cases cited in note to Williams* v. *Vreeland, 5 Stew. Eq. 135; Proby* v. *Landor, 28 Beav. 504; McCormick* v. *Grogan, L. R. (4 H. L.) 97; Johnson* v. *Ball, 5 DeG. & Sm. 85; Bedilian* v. *Seaton, 3 Wall. 279; Sims* v. *Walker, 8 Humph. 503; Whetridge* v. *Parkhurst, 20 Md. 62; Collins* v. *Hope, 20 Ohio 492; Lomax* v. *Ripley, 3 Sm. & G. 48; Beylan* v. *Meeker, 4 Dutch. 274; Lynch* v. *Clements, 9 C. E. Gr. 437; Strouss* v. *Van Cleve, 4 Wash. C. C. 265; Waterman* v. *Whitney, 11 N. Y. 157; Rev. p. 378 § 3; Force* v. *Dutcher, 3 C. E. Gr. 401; Williams* v. *Vreeland, 3 Stew. Eq. 576; Colfax* v. *Colfax, 5 Stew. Eq. 206.*

Williams *v.* Vreeland.

*Mr. Wm. H. Vredenburgh,* for respondents, cited—

*Story's Eq. Jur.* §§ *252, 256, 781; Browne on Frauds* § *103; 1 Jar. on Wills 360; Chamberlain* v. *Agar, 2 Ves. & B. 259; Strickland* v. *Aldridge, 9 Ves. 516; Barrow* v. *Greenough, 3 Ves. 152; Oldham* v. *Litchford, 2 Freem. 284, 2 Vern. 506; Norris* v. *Fraser, L. R. (15 Eq.) 318; Church* v. *Ruland, 64 Pa. St. 432; Williams* v. *Fitch, 18 N. Y. 546; Spicer* v. *Spicer, 16 Abb. Pr. (N. S.) 112; Hoge* v. *Hoge, 1 Watts 163; Dowd* v. *Tucker, 41 Conn. 197; Hooker* v. *Axford, 33 Mich. 454; Thynn* v. *Thynn, 1 Vern. 296; Devenish* v. *Baines, Finch 4; Chamberlain* v. *Same, 2 Eq. Cas. Abr. 43, 2 Freem. 34; Dakeford* v. *Wilks, 3 Atk. 539; Reech* v. *Kenningale, 1 Wils. 227, 1 Ves. Sr. 124, Amb. 67; Marriot* v. *Marriot, 1 Str. 666; Podmore* v. *Gunning, 5 Sim. 485, 7 Sim. 644; Gaullaker* v. *Same, 5 Watts 200; Jones* v. *McKee, 3 Pa. St. 496, 6 Pa. St. 425; Browne* v. *Browne, 1 Harr. & Johns. 430; Owing's Case, 1 Bland 370; McLellan* v. *McLean, 2 Head 684; Brook* v. *Chappell, 34 Wis. 405; De Laurencel* v. *De Boom, 48 Cal. 581; Williams's Appeal, 73 Pa. St. 249; Johnson* v. *Hubbell, 2 Stock. 332; Van Dyke* v. *Vreeland, 3 Stock. 370, 1 Beas. 142; Cumberland* v. *Codrington, 3 Johns. Ch. 261; Crowell* v. *Hospital of St. Barnabas, 12 C. E. Gr. 654; Richardson* v. *Adams, 10 Yerg. 273; 1 Chitty on Cont. (11 Am. ed.) 41.*

The opinion of the court was delivered by ·

VAN SYCKEL, J.

Henry Frost, by his will, bequeathed to his nephew, Cornelius C. Vreeland, the sum of $30,000. The complainants, who are children of Eliza Saunier (the legatee's sister), allege that, although no trust is declared in the will, $10,000 of this sum was given to the said Vreeland in trust for them, and on a parol promise, on his part, to the testator, that, if the latter would give him a legacy of $30,000, he would pay over $10,000 of it to the complainants. The bill is filed against the executors of the legatee, who has since died, to enforce this alleged trust.

In speaking of the specific performance of trusts, Mr. Story, in his second volume of *Equity Jurisprudence* § *781*, says: "Other cases within the reach of other clauses of the statute of frauds have occurred, and may again occur, in which, also, the remedial justice of courts of equity ought to be exerted by decreeing a specific performance of the contemplated act of trust. Thus, if a man, in confidence of the parol promise of another to perform the intended act, should omit to make certain provisions, gifts or arrangements, by will or otherwise, such a promise would be specifically enforced in equity against such promisee, although founded on a parol declaration creating a trust contrary to the statute of frauds, for it would be a fraud upon all the other parties to permit him to derive a benefit from his own breach of duty and obligation."

In the case of *Oldham* v. *Litchford*, *2 Vern. 506*, it being proved that the devisee of certain real estate had promised the testator that he would pay an annuity, which otherwise the testator would have charged on the real estate devised, it was decreed that the annuity should be a charge on the land. This rule was enforced by Lord Hardwicke, in *Reech* v. *Keningale*, *Amb. 67*, in which he cited the case in *2 Vern.* The courts of England, since Lord Hardwicke's time, have uniformly adhered to this doctrine. See cases cited in note to *Williams* v. *Vreeland, 5 Stew. Eq .135.*

The jurisdiction of equity to establish the trust, rests upon the ground of fraud, that the party sought to be charged, by assenting to the trust and promising to execute it, led the testator to make no other disposition in favor of the beneficiary. "The parol proof does not alter, revoke or cancel the will. It gives full effect to it, and fastens upon the conscience of the party having thus procured a will, and then fraudulently refusing to fulfill the promise on the faith of which it was executed, a trust or confidence which a court of equity will enforce. The trust owes its validity, not to the will or declaration of the testator, for that would give effect to a parol will, but it rests wholly

upon the fraud of the devisee." *Church* v. *Ruland, 64 Pa. St. 432.*

*Dowd* v. *Tucker, 41 Conn. 197,* presents the principle clearly. The testatrix, by her will, had given all her estate to the defendant, and, on her death-bed, she desired to change her will and give a certain piece of real estate to the complainant, and had a codicil prepared to that end. Before signing the codicil, she called in the defendant and told him of the proposed change. He replied that she was weak and need not trouble herself to execute it, but that he would deed the property as she desired. Trusting in this promise, she did not sign the codicil. After her death the defendant refused to convey, as he had promised, and the trust was enforced on the ground of fraud.

Parol evidence is not admissible to vary a will. The ground upon which such trust is set up is simply that of fraud, practiced by the party on whom the trust is sought to be fastened, and nothing short of this can ever be held sufficient. For the prevention of fraud, the trust is engrafted on the gift by admitting parol testimony, in order to prevent the donee from appropriating property to a purpose different from that for which he undertook to hold it.

This case must be classified with trusts which arise *ex maleficio,* and in which a court of equity, in order to reach the fraudulent procurer of what, in conscience, belongs to another, turns him into a trustee.

To maintain this bill, two facts must concur: First, that the testator gave the legacy to Vreeland, in order that he might take it, not wholly for his own benefit, but also as trustee for the complainants. Secondly, that the testator's mind and intention were made known, before his death, to the legatee, and the legacy was accepted by him on this footing. *Jones* v. *Bradley, L. R. (3 Ch. App.) 362.*

Courts of equity act in these cases with the utmost caution, and they will not interfere, unless the promise and the intended fraud on the beneficiary are established by clear and satisfactory proof. *Collins* v. *Hope, 20 Ohio 492.*

From this view of the law, it follows that any declaration of intention on the part of the testator, different from that expressed in his will, is incompetent as evidence, unless it was communicated to the legatee, assented to by him, and such assent acted upon by the testator.

It is not necessary to discuss the testimony in this case. After a careful examination of the evidence, I am convinced that the chancellor was justified in finding in favor of the complainants, and that the decree below should be affirmed, with costs.

Decree unanimously affirmed.