DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs of appeal to each respondent.

---

IN THE MATTER OF THE ESTATE OF CHARLES H. BUTLER, DECEASED.

*Collateral inheritance tax — a child adopted under the laws of Massachusetts is not liable to.*

In February, 1878, a boy about two years of age was taken by one Butler from a charitable institution under an agreement on Butler's part to adopt him as his son, and, in 1884, he was formally and legally adopted by Butler, with the consent of his wife, under the laws of the State of Massachusetts, which are substantially the same as those of the State of New York. The boy lived with Butler for eleven years, and until the latter's death. He was treated as a son, and was given by his will some $50,000.

*Held*, that this sum was not chargeable with the collateral inheritance tax under section 1 of chapter 713 of the Laws of 1887, amending chapter 483 of the Laws of 1885 of the State of New York.

That, to entitle an adopted son to exemption from this tax, it was not necessary that the proceedings for adoption should have been taken under the laws of the State of New York.

APPEAL by Edward Knapp Butler from an order of the Surrogate's Court of the county of Westchester, made on the 23d day of July, 1890, which affirmed the report of an appraiser, dated March 24, 1890, so far as the same taxed a legacy, left by one Charles H. Butler to the said Edward Knapp Butler, under chapter 713 of the Laws of 1887 and chapter 483 of the Laws of 1885, and the acts amendatory thereof and supplementary thereto.

*Calvin Frost*, for the appellant.

*William P. Platt*, for the County Treasurer, respondent.

DYKMAN, J. :

Charles H. Butler died in September, 1889, leaving a last will and testament, which has been officially proved and is now in full force and operation. The will contained, among other provisions, a bequest of a legacy in these words : " To my adopted son, Edward K. Butler, five hundred shares of stock in the corporation known as Butler Brothers." It turns out now that the value of the stock so bequeathed is about $50,000.

This adopted son was taken by the testator and his wife from a charitable institution in the city of Boston, in the month of February, 1878, when he was about two years old, with a desire and design and under an agreement with the officers of the institution to adopt him as a son and provide him a home, and the child was immediately taken into the family of the testator, where he remained down to the time of the death of the latter, a period of more than eleven and a half years, during all of which time the boy was cared for, supported and maintained solely by the testator, and treated in all respects as a son. He was always spoken of by the testator and all the members of his family as his child, and he was held out to the world as the child of the testator, and supposed himself to be such, and did not know to the contrary until after the death of the testator.

In July, 1884, the boy was formally and legally adopted by the testator, with the consent of his wife, under and in pursuance of the laws of the State of Massachusetts, which are substantially the same as our own statutes upon this subject, as we gather from the

record before us. Such are the uncontroverted facts which appeared before the surrogate of Westchester county in a proceeding to charge the legacy with a tax under the law for the taxation of gifts and legacies in this State. The legatee claimed immunity from the tax under the exemptions allowed by the statute upon which the proceedings were based, and the surrogate decided against his contention and made an order for the imposition of the tax upon his legacy, and he has appealed from the order.

The statute which is to dictate the decision of this appeal, so far as it has application to this case, is this: "After the passage of this act all property which shall pass by will or by the intestate laws of this State from any person    *    *    *    other than to or for the use of his or her father, mother, husband, wife, child, brother, sister,    *    *    *    or any child or children adopted as such in conformity with the laws of the State of New York, or any person to whom the deceased for not less than ten years prior to his or her death stood in the mutually acknowledged relation of a parent    *    *    * shall be and is subject to a tax of five dollars on every hundred dollars of the clear market-value of such property." (Laws of 1887, chap. 713, § 1, amending chap. 483 of the Laws of 1885.)

It was the design of this statute to impose a burden upon all property which should pass by will or by the intestate laws of this State to any person or persons or body politic or corporate, other than to or for the use of certain persons, among whom are adopted children. The section is somewhat awkwardly constructed, but the intention of the legislature to exempt adopted children from the operation of the law is plainly manifested. In fact, there is no controversy upon that point in this case, but the appellant has thus far been deprived of the benefit of the exception in this statute because he was not an adopted son of the testator who gave him the legacy.

The question for our determination, therefore, is whether this appellant stands within the class of persons who are relieved from the burdens imposed by this statute. "Any child or children adopted as such in conformity with the laws of the State of New York, or any person to whom the deceased for not less than ten years prior to his or her death stood in the mutually acknowledged relation of a parent," is within the exemption provided by the law, and this appellant was both adopted in conformity with the law of

our State, and the deceased stood for more than ten years prior to his death in the mutually acknowledged relation of a parent to this appellant.

This statute does not require the proceedings for adoption to be under the laws of this State or within this State, but to be in conformity with them, to be like them and to correspond in character and manner with them, wherever they are conducted; and an examination of the proceedings in Boston for the adoption of this child shows that they conform substantially to the requirements of our statute. There is no reason for a severe construction of this statute. This boy was legally adopted under laws substantially similar to our own, so far as the mode of procedure is concerned, and that is sufficient to answer the requirements of this law. Moreover, the deceased stood in the mutually acknowledged relation of a parent to this appellant for eleven years and a half prior to his death. No evidence of adoption is required by this portion of the statute, but mutual acknowledgment, and that is proven in this case by all the facts and circumstances which cluster round these parties from the commencement of their relation to the death of the testator.

The appellant, from his earliest recollection, believed the testator to be his father, recognized him as such and knew no other, and the testator took him to his home as a child and treated him in all respects as a son. Their relations were parental and their entire conduct was a mutual acknowledgment of their relation. The child was taken in helpless infancy with no expectation of compensation or services. He was treated as a son and was obedient to his foster father and dependent upon him, and the statute requires no higher proof of mutual acknowledgment. The word mutual in this statute has no abstruse signification. It means and requires reciprocity of action, correlation and interdependence, and finds its best illustration and application in the relations existing between parents and children, which are always mutual. This construction of the statute was adopted in the *Matter of Spencer's Estate* (4 N. Y. Supp., 395), in a very able and exhaustive opinion by Mr. KENNEDY, Surrogate of Madison county. Our common experience teaches us that children at three years of age recognize their parents and are able to designate them by words and actions, and we find no difficulty in concluding from the record before us that the appellant recognized the testator

as his father, and that the testator recognized him as his adopted son for more than ten years before the death of the testator ; and the mutuality of the recognition of such relations between them was abundantly established.

Our conclusion, therefore, is that the order appealed from is erroneous and should be reversed, with costs to be paid from the estate by the executors.

BARNARD, P. J., and PRATT, J., concurred.

Order of surrogate reversed, with costs to appellant out of estate.