Keeler, S.
It is claimed, and so found in the report of Owen Cassidy, Esq., appraiser, that the devise in the will of the testator to Charles P. Spaulding is wholly exempt from taxation, and the legacy to Mrs. Greorgia A. Tunison is only subject to a tax of one per cent., upon the ground, as to each of these persons, that for more than ten years prior to his death the testator stood towards them in the mutually acknowledged relation of parent, within section 2, ch. 399, Laws 1892. It has been recently decided by the general term, supreme court, first department, in Re Hunt's Estate, 66 St. Rep. 812, Van Brunt, J., writing the opinion, that none but illegitimate children of the “ decedent, grantor,” etc., are entitled to the benefit of this exemption. We should consider ourselves bound to follow this decision were it not that the general term, second department, in Re Butler, 58 Hun, 400; 34 St. Rep. 189, has taken a different view of the statute in question. With these two departments of the supreme court in opposition, we may treat it as an original question. We think the more reasonable construction, and the better reasoning, is that of Dykman, J., in the Butler Case, and that of Surrogate Kennedy in Re Spencer's Estate, 21 St. Rep. 145. Surrogate Kennedy argues that the word “ acknowledged ” as used in the statute, means to “ admit or recognize ” and that such recognized relation may be proven by agreement in writing or by paroi, by declarations of the parties, and by their acts and conduct. In Butler's Case, Dykman, J., says (page 413, 58 Hun; 34 St. Rep. 189): “The word < mutual ’ in the statute has no abtruse signification. It means and requires reciprocity of action, correlation, and interdependence, and finds its best illustration in the relations existing between parents and children, which are always mutual.” Surrogate Kennedy’s decision in Spencer's Case is discussed and approved. Van Brunt, J., in Hunt's Case, does not notice these cases, nor any of *382 the numerous reported cases upon the question. He argues that the word “ acknowledged ” is only used in relation to a ‘‘ fact," and claims that the “illegitimate” child is the “fact.” He says you can only prove the “ mutually acknowledged relation ” by showing secret illegitimacy, and ten years’ acknowledgment by each. This, he argues, makes it mutual, and a fact. The statute-says that “ mutually acknowledged relation” is the fact. How it shall be proven is not stated in the statute. The “mutual acknowledgment” does not make or change any “fact.” The child is not thereby rendered legitimate. Why we should try to-extract some hidden, out of the ordinary, meaning from the words used, or why the legislature should have used such a roundabout form of expression, if they meant to be understood as Mr. Justice Van Brunt argues, we cannot understand, nor does he make it plain to our comprehension. Why does the statute use the words “ any person ”? The learned justice says, 66 St. Rep. 812 : “That the question of legitimacy was in the minds of the framers of the statute is manifest from the next clause of the section in question,” referring to the clause as to “lineal descendants born in lawful wedlock,” etc. It was no doubt in the minds of the framers of the original statute, but the exemption in favor of adopted children and that in favor of the “ mutually acknowledged ” child were not in the original act of 1885 (chapter 483). These exemptions were created by the act of 1887 (Laws 1887, ch. 713), and the only material change made by that act, as to exempt persons, was the adding of the adopted child and the mutually acknowledged relation. The limitation in the exemption of lineal descendants to those born in lawful wedlock had been already-in the original act. The repeated portions in the act of 1887 are not to be considered as re-enacted, but as having been the law from the first, and the new provisions are considered to-be enacted at the time the amended act took effect. Ely v. Holton, 15 N. Y. 595. The original act (1885) exempted two classes : Those who might under the statute of descent and distribution be-entitled to share in the estate of a decedent, and “ the wife or widow of a son, and the husband of a daughter,”—-relatives by blood, and those of affinity by marriage. Danforth, J., in Re-Miller, 110 N. Y. 222; 18 St. Rep. 226. The act of 1887 exempted another class,—the adopted child, and the child that for a certain long period had been recognized and treated as an adopted child, although there had been no formal writing, etc., as required by statute. The authors and framers of the legislation for this class do not seem at all to have had in mind any question of legitimacy or blood; hence the adopted child or children; hence adoption- not under state laws, but in conformity to the laws of this state; hence the mutually acknowledged were exempted by the same act, and in the same paragraph, with the adopted child; hence the words “ or any person ” were appropriately used. Therefore ten years was fixed upon as the time of its continuance. As some time must be arbitrarily named, the long time would guard against imposition and fraud. But supposed we take Judge Van Brunt’s interpretation,—after the per *383 son claiming the exemption has satisfactorily proven himself or herself the illegitimate child of the “decedent, grantor,” etc., why the necessity or reason of a mutual acknowledgment, continuing for ten years, or any number of years? The opinion further says, 66 St. Eep. 812 : “ It is significant that the words 1 lawful wedlock' are used in respect to the matter of lineal descendants immediately after the mutual acknowledgment and that it had not been at all considered necessary to refer to it when a child or children were spoken of in the previous part of the section. It is evident that it was intended to limit the exemption of illegitimate descendants to the child, and not to extend the same to the descendants of such child.” As we have stated,, the “born in lawful wedlock” clause was in the original act,, but. the “mutually acknowledged” part was not enacted until two-years later. Possibly this is not material in considering the strength of the argument. If we actually comprehend the reasoning of the learned justice, it is strong to prove that the term “child or children” spoken of in the previous part of the section included the illigitimate as well as the legitimate child. The argument is that the word “child,” etc., is not limited by words “born in wedlock,” which words prevent the exemption extending to the illegitimate descendants of the child. The reasoning has no weight in support of the construction claimed. It has not yet been decided, so far as we are aware, that it is not the correct interpretation of the statute that the word “child” includes the illegitimate child. But, in that view, what was the necessity or reason of this long “mutually acknowledged” clause, if its purpose be only to exempt the illigitimate child? We doubt if courts can assume that in all cases legislators study a lexicographer as to the language employed in framing laws; still, it is legitimate argument. The word “acknowledged” is not always used in the sense of admitting some secret truth or fact. The lexicographer cited by Judge Van Brunt gives the following as the definition of the word: “(1) To own or admit the knowledge of; to recognize as a fact or truth; to declare one’s belief in; as, to acknowledged the being of God. ‘I acknowledged my transgressions.’ Ps. li. 3. iFor ends generally acknowledged to be good.’ Waverly. (2) To own or recognize in a particular character or relation ; to-admit the claim or authority of; to give recognition to. ‘In all thy ways acknowledged him.’ Proyr iii. 6.” The quotation of’ the learned justice is from the “synonyms,” contrasting the word “acknowledged” and the word “recognize. ” The testator never had any children. There were two (Charles P. Spaulding and Georgia A. Tunison) taken into the testator’s family and home when respectively about seven years of age. They each became, in all respects except blood, as children of the family. The testator educated and clothed and provided and cared for them in sickness and in health, and they each rendered to the testator and his family the usual services and filial attention, affection, and obedience of a child, without any expectation of pay on either side. The girl usually addressed the testator as “papa,” and he always spoke of her as his daughter and child; and as to the boy. *384 Spaulding, the testator said that he regarded him as his own child, and intended to do by him as he would do for his own ■child. We think the facts bring these two (devisee and legatee) within the meaning and intent of the exemption clause in question. That much property otherwise taxable is unjustly escaping taxation through the elastic qualities of the statute as thus construed is an argument to be addressed to the legislature rather than to the courts.