JENNIE E. P. ROBERTS, individually and as executrix of Sarah M. Sisson, deceased, appellant,

*v.*

THE COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, respondent.

[Submitted June 21st, 1915.   Decided June 24th, 1915.]

*P. L. 1914 p. 267* exempts from the transfer tax property to the amount of $5,000 passing to a child or lineal descendant, and further provides that the same exemption shall be allowed to any child to whom the decedent for not less than ten years prior to the transfer stood in the mutually acknowledged relation of a parent, provided that such relationship began at or before the child's fifteenth birthday and was continuous for at least ten years thereafter. Appellant, after the death of her parents, and when only four years old, became a member of the family of her aunt, with whom she lived continuously until the death of the aunt without children, over forty years later. The devotion and affection toward each other were those ordinarily existing between mother and daughter, and she rendered such filial duties and services as are usually expected of children.—*Held*, that she was entitled to the statutory exemption.

*Mr. John L. Keller,* for the petitioner.

*Mr. Herbert Boggs,* assistant attorney-general, for the state.

BACKES, VICE-ORDINARY.

This cause is before me on a petition and order to show cause why a tax assessed by the comptroller of the treasury upon an estate of the value of $6,815 bequeathed to the appellant by her

childless aunt, Sarah M. Sisson, deceased, should not be reduced. The tax was levied at 'the rate of five per centum and amounts to $340.75.

The "Transfer of Property" Tax act, as amended by chapter 151 of the laws of 1914 (*P. L. 1914 p. 267*), exempts from its operation property to the amount of $5,000 passing to a child or lineal descendant, and further provides that—

"The same amount of tax shall be imposed upon and the same exemption up to five thousand dollars allowed to any child to whom such decedent for not less than ten years prior to such transfer stood in the mutually acknowledged relation of a parent; provided, however, such relationship began at or before the child's fifteenth birthday, and was continuous for at least ten years thereafter."

The appellant claims to be within the class thus entitled to exemption. She was a year old when her mother died, and shortly afterwards her father passed away. When she was four years old—in 1872—she became a member of the decedent's family, with whom she lived continuously until the latter died in 1915, aged eighty-five years. She was reared by the decedent, and in turn rendered to her aunt and in her household such filial duties and services usually expected of children. The attachment between the two, and the devotion and affection towards each other, were those ordinarily existing between mother and daughter. Their intercourse was exquisitely that of parent and child.

The exemption feature of our "Transfer of Property" Tax act above quoted was adopted from the New York statute— *Consol. L. 1909 ch. 60* § *221* (*5 Birdseye's Cumming & Gilbert's 5987*), and the construction given to its prototype by the court of appeals of that state, I adopt as dispositive of the question at issue. *In the matter of Davis, 184 N. Y. 299*, a case almost identical with the present one, Chief-Justice Cullen said:

"In some courts it was held that this provision comprehended only the case of illegitimate children. The proper construction of the statute was settled by this court in *Matter of Beach, 154 N. Y. 242*, where Chief Judge Andrews, writing the unanimous decision of the court, said: 'The clause, we think, was intended to have a broader scope; to include, among others, those cases,

not infrequent, where a person without offspring, needing the care and affection of someone willing to assume the position of a child, takes, without formal adoption, a friend or relative into his household, standing to such person *in loco parentis,* or as a parent, and receives in return filial affection and service.' "

See also *Matter of Butler, 58 Hun 400; Matter of Stillwell, 34 N. Y. Supp. 1123; Matter of Nichols, 36 N. Y. Supp. 538; McElroy Trans. Tax L. (2d ed.) 272, 287.* Manifestly, the appellant bore to the decedent the relation of a child to whom the latter stood in the mutually acknowledged relation of a parent, within the meaning of the statute. She is entitled to the exemption, and the assessment will be reduced accordingly.