This is a creditor's bill to reach funds in the hands of the defendant, said to be held in trust for the judgment debtor.
In September, 1920, one of the defendants, Cox, being indebted to the complainant, deserted his wife, Ellen, and disappeared. Neither she nor any of her acquaintances have ever heard from him since. His wife appears to have made very strenuous efforts to find Cox for a considerable period of time after his disappearance. On the 24th day of October, 1920, his wife executed her will. The important paragraph, disposing of all her property, took the following peculiar form:
"I direct my executor, hereinafter named, to convert all my estate, real, personal and mixed, into cash, and after paying my just debts to give said cash to my sister, Mary Cox.
"I nominate and appoint Sidney Jacobs as executor of this will, and I give to my executor full power and authority to grant, bargain, sell and convey, in fee-simple or otherwise, any or all of my real estate to any person or persons at public or private sale, at such times and upon such terms as he shall think fit."
The testatrix died in August, 1924. She never bore any children. Three witnesses were sworn by the complainant, who testified that they had on various occasions heard the testatrix say that Mary Cox, who will hereafter be called the defendant, had promised that she would turn the proceeds of the former's estate over to Cox if or when he should return. The first of these witnesses was a Mrs. Bliss, who is a sister of Cox. The other witnesses were, like Mrs. Bliss, intimate friends of the decedent, and they all testified to substantially similar statements, all of which were made in the presence of the defendant, who was the sister of the testatrix. These sisters had married two brothers, and thus the identity of their surnames is explained. The defendant denies that she was the recipient of her sister's bounty, upon the condition just described, but maintains that the legacy from her sister was unconditional, except that she was requested if Cox ever returned to supply him with the necessaries *Page 190 
of life, but under no circumstances to permit him to lay his hands upon any property so left by the testatrix because of his incompetence, and his desertion and apparent disregard of her feelings. Without going into a detailed statement of the reasons for it, many circumstances lead me to believe that the witnesses for the complainant are accurate in the facts to which they swear. Admissions made by the defendant on the stand, her demeanor, the extreme reluctance to appear and clear her name of the gross fraud against her, the discrepancy as to the date of the execution of her will with reference to the execution of Ellen's will, the documentary contradiction of her testimony concerning who paid the scrivener, and the absence of a copy of her first will, in view of the lawyer's practice, all combined are so convincing as to meet the rule expressed by Mr. Justice Van Syckel in Williams v. Vreeland, 32 N.J. Eq. 734 (see p.737). No matter what the state of the law may be elsewhere, it is clear that since the rendition of the foregoing decision such a bill as the one herein will lie.
This brings us to a consideration of the law upon the question raised, as to whether or not the verbal trust bestowed upon Cox a vested or a contingent right. If Cox, the debtor, has a vested interest in the proceeds of the estate of his wife it is subject to the payment of his debts. 39 Cyc. 237, and authorities there quoted. If, on the contrary, the rights of the debtor are contingent, and the fund may never be enjoyed by him, the rule is otherwise. Bank v. Forney, 37 N.C. 181. I have been unable to find any authority directly in point, and shall determine this question in the manner it has been attacked by counsel for all parties, that is, by analogy to the pertinent rules for the construction of wills, by reason of the fact that the testatrix spoke in contemplation of the distribution of her property after death. In Gifford v. Thorn, 9 N.J. Eq. 702, there was a bequest to one "when he arrives at the age of twenty-one years, to him and his heirs forever." The chief-justice, writing the opinion of the court of chancery, where he sat for the chancellor, who felt disqualified to decide, said: *Page 191 
"The general rule applicable to this question, adopted both in the ecclesiastical courts and courts of equity, is well settled. Where the time specified in the bequest is annexed to the payment only, as where the legacy is given, payable or to be paid when the legatee attains the age of twenty-one years, the legacy vests immediately upon the death of the testator. It is a present gift. The time of payment only is postponed. But where the time is annexed not to the payment only, but to the gift itself, as when the legacy is given to the legatee at twenty-one, or `if' or `when' he attains the age of twenty-one, the legacy does not vest until the legatee attains that age. The gift is upon the condition that the legatee shall attain the age specified. His attaining that age is a condition precedent, and if the condition be not fulfilled, the legacy never vests. The cases upon this subject are very numerous, and with few exceptions the rule will be found to have been for more than a century inflexibly maintained."
Mr. Justice Potts stated the rule for the court of errors and appeals as follows, at page 729:
"Now, it has been repeatedly held, and seems at this day to be the settled law, that where the bequest made to a legatee is in these, or words of similar meaning, without being controlled by the context of the will, they imply a condition precedent, to wit, that the legatee live to that age, and, consequently, the legatee does not take a vested interest in the legacy until twenty-one. I give and bequeath to A.B., `at the age of twenty-one' — or, `if he arrives at twenty-one' — or,`provided he lives to be twenty-one' — or, in case of his arriving at twenty-one' — or, when he arrives at the age of twenty-one' — have all been held to be contingent legacies."
Of course, the rule that favors the vesting of a legacy or devise causes the general rule to be circumscribed so that "circumstances, even though but slight, in the context, may be sufficient to show that the specified age was not intended as a condition, but only fix the time of payment, in which case it will be held to be a vested legacy." Fisher v. Johnson,38 N.J. Eq. 46. There are no indications in the directions *Page 192 
given to the defendant by Ellen to show the immediate vesting of the trust estate in Cox. There is no provision for the benefit or convenience of the estate; there is no direction to invest the funds in the defendant's hands, nor was there any purpose of keeping a family of infants intact. In short, there is nothing to be gathered, either from the injunction laid upon the defendant or any of the surrounding facts and circumstances to bring the case within the exceptions to the rule, as has appeared in all or nearly all of the cases where a vested and not a contingent interest was found to have been established. Therefore, it seems to me that, under the rule "inflexibly maintained," it must be said that his interest is contingent and may never vest. Taking the testimony of complainant's own witnesses, the defendant was only to pay over the proceeds of the estate of the testatrix "if" or "when" Cox should return to his former home. I fail to see how this condition could be said to relate to the time of payment. It was clearly connected with the substance of the gift, because Mrs. Bliss said that Ellen wanted the proceeds of her estate given to her sister (the defendant) so that she could give the same to Cox if he returned, "because she was sure he would be found; that she was sure he was alive." Of course, the witness was paraphrasing the language of Ellen, and it is equally certain that neither Ellen nor anyone connected with the transaction could be sure that he was alive, or that he would ever be found. In the dead woman's mind "the wish was father to the thought," as evidenced by her long but fruitless quest. She hoped that he might be alive and well, and some day return to the place of his rightful home, but this was no more than a hope. She had searched at great pains and expense, hither and yon, wherever there appeared the slightest probability he might be found. To say that she delivered her property to the defendant with any assurance in her mind that the latter would be able to carry out her instructions, is ridiculous. To say, under these circumstances, that the contingency she had in mind related to the time of payment and not to the substance of the gift would be equally ridiculous. The use of the words *Page 193 
"if" or "when," of necessity in themselves, indicate a contingency, as pointed out by the long line of cases cited inGifford v. Thorn, supra, and the innumerable citations thereof down to, at least, as late as the opinion of Vice-Ordinary Backes in Roberts v. Comptroller, 85 N.J. Eq. 133.
The condition upon which enjoyment of such a gift may relate either to the substance of the gift or the time of payment thereof, but for the reason just indicated, I am driven to the belief that Ellen intended that her bounty should eventually be enjoyed by her missing husband, provided he should return from his wandering, otherwise to be the property of the defendant and her assigns.
Of course, the directions which the testator gave the defendant formed no part of her will. An act concerning wills (4 Comp.Stat. p. 5860) renders that out of the question. The theory underlying wills such as the one under consideration is founded upon the single ground of impressing a trust upon the funds in the hands of a legatee. Heinisch v. Pennington, 73 N.J. Eq. 456.
Consequently, there is no question of intestacy. We are not faced by that casuistical rule which declares that the law abhors intestacy, and which has worked more hardships and injustice than any other rule of law with which I am familiar. The legacy vested in the defendant immediately charged, however, with the conditions upon which it was given and received and subject to be divested upon the happening of the contingency described.
There being no question of Ellen's right to dispose of the property out of which this fund was created, or any attempt to prove that it was the property of the judgment debtor at the time the testatrix died, I feel constrained to advise a decree dismissing the bill. *Page 194