LYDIA CUTTS, administratrix of the estate of Leon Najdrowski, deceased, and LYDIA CUTTS, FRANCES SPEED and APOLONJA JANKOWSKA, individually, complainants-appellees,

*v.*

JOSEPH NAJDROWSKI, also known as Joseph Nider, AUGUSTA NAJDROWSKI, his wife, and FIFTH WARD SAVINGS BANK of Jersey City, defendants-appellants.

[Submitted October term, 1937. Decided April 28th, 1938.]

*Mr. George E. Cutley,* for Joseph Najdrowski and Augusta Najdrowski.

*Messrs. Rospond & Rospond (Mr. Felix Rospond),* for Lydia Cutts et al.

The opinion of the court was delivered by

BODINE, J.

Leon Najdrowski, a resident of Jersey City, had a bank account, for many years before his death, in the Williamsburg Savings Bank in New York City. On July 16th, 1932, he caused the account entry—it then amounting to $6,155.96—to be changed so as to read "Leon Najdrowski, Int. for Joseph Najdrowski." Leon died on February 27th, 1936, and thereafter Joseph closed the account and after paying the funeral expenses deposited the remainder, the sum of $5,500, in a joint account in his name and that of his wife, Augusta, in the Fifth Ward Savings Bank of Jersey City. The complainant Cutts, a half-sister of the deceased Leon, being appointed administratrix of Leon's estate, together with the other next of kin of the deceased, commenced this proceeding in the court of chancery to have it declared that the money so deposited by Joseph Najdrowski in the Jersey City Bank was held by him in trust for them.

The court of chancery, in supposed reliance upon the case of *Swetland* v. *Swetland, 105 N. J. Eq. 608; affirmed, 107 N. J. Eq. 504,* erroneously held that the transfer of the New York bank account was controlled by the law of this state and was invalid since it failed to comply with the statute of wills of this state. In the *Swetland Case* anything which may have been said respecting the law controlling the creation of a trust *inter vivos* in money or securities was not necessary to the decision and must, therefore, be disregarded if contrary to the generally accepted principles of law.

A gift of money is governed by the law of the place where the gift is made. See article by Professor J. H. Beale, *45 Harvard Law Review 969.*

In *Direction Der Disconto-Gesellschaft* v. *United States Steel Corp., 267 U. S. 22,* it appears that certain shares of the United States Steel stock standing in street names endorsed in blank were owned by German nationals and were seized in London during the late war by the British government. By virtue of the seizure they passed to the public trustee as custodian of alien property, and were properly transferred pursuant to his direction on the books of the steel corporation. Mr. Justice Holmes said: "The question who is the owner of the paper depends upon the law of the place where the paper is. It does not depend upon the holder's having given value or taking without notice of outstanding claims but upon the things done being sufficient by the law of the place to transfer the title. An execution locally valid is as effectual as an ordinary purchase."

[ Section 294, subdivision 2 of the American Law Institute, *Restatement of Conflict of Laws* is as follows "The validity of a trust of choses in action created by a settlement or other transaction *inter vivos* is determined by the law of the place where the transaction takes place."

The creation of an *inter vivos* trust in money or securities is governed by the law of the *situs* of the money or securities. *2 Beale Conflict of Laws 1019; Hutchison v. Ross, 262 N. Y. 381; 187 N. E. Rep. 65; 89 A. L. R. 1007.* In that case, the court of appeals of New York, in an exhaustive opinion by Judge Lehman, held that a trust of money or securities made *inter vivos,* the securities being in that state, was governed by the same rules that controlled other conveyances of property in that state. |

In *Thompson* v. *Taylor, 66 N. J. Eq. 253,* it appears that at the time the case was decided that a married woman could not become surety for her husband in this state; a married woman could, however, be surety for her husband under the law of New York State. A married woman, a resident of this state, having become surety for her husband in New York was held liable in this state at the suit of the husband's creditor.

[When Leon Najdrowski changed his bank account in the

Williamsburg Savings Bank in New York City in the manner above indicated, a valid trust was created for the named beneficiary Joseph Najdrowski. Upon the settlor's death, without revocation, the presumption arose that an absolute trust was created as to the balance in the account at the time of his death in favor of his brother. *In the Matter of Totten, 179 N. Y. 112.* A different conclusion in an inferior court is not deserving of consideration. In the present case there are no proofs whatever to rebut this presumption. Undoubtedly, when the transfer was made the law of New York had been stated to the settlor. That law controlled the disposition of his property in that state. The imposition of a trust in this state in favor of the next of kin was without sanction of law. A valid title to property situate in New York was a protection to the holder thereof wherever he took it.

The decree appealed from will be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, Wolfs-Keil, Rafferty, Walker, JJ. 13.