Complainant moves to strike the answer on the ground that it discloses no defense to her suit. The situation appearing from the pleadings is this:
Complainant is the wife of the defendant. Until February, 1933, they resided in East Orange, New Jersey. That month complainant deserted defendant and went to New York where she has since lived, while he has continued to reside in New Jersey. On August 16th, 1934, the parties entered into a written contract which is the subject of this suit. It recites:
"Whereas disputes have arisen between said husband and wife on account of which they are now separated and now living apart and intend to live apart from each other during the remainder of their natural lives; now therefore the parties hereto do hereby mutually promise and agree to compromise and settle all their marital and property differences to and with each other, once and for all, upon the following terms and conditions." *Page 199 
Then follow the husband's covenants, and among them:
"That he will pay to the said wife the sum of $15 per week to commence on the 21st day of August, 1934, and to be paid weekly thereafter."
Lastly, the agreement embodies this covenant of the wife:
"In consideration of the foregoing covenants and agreement on the part of the husband and as long as the said payments shall continue to be duly and promptly made, the said wife does hereby release and discharge said husband from all obligation and support and from all other claims, rights and duties arising out of the said marital relation, and further agrees that so long as this agreement shall be duly performed by the said husband she will not at any time hereafter contract any debt or debts, charge or liability whatsoever for which the said husband shall or may be or become personally liable or answerable; and that neither she nor any other person on her behalf shall institute any action or civil process or proceeding whatsoever against the said husband for a judicial separation, alimony or for any other purpose whatsoever, and further agrees to discontinue the proceedings heretofore instituted by her against the husband for support."
For many years defendant had been a dealer in bakers' supplies in New York City. His business, affected by the commercial recession which commenced in 1930, progressively became less profitable, until in 1936, his corporation was compelled to make a general assignment for the benefit of its creditors. Defendant is an aged man. In April, 1936, by reason of age, infirmity and lack of ability to pay $15 per week to complainant, he ceased to make such payments. Some time thereafter, he sent her a policy insuring his life for $3,000. Complainant has retained the policy. Whether she has collected the amount of its cash surrender or loan value, defendant does not know.
The contract in question was executed in the State of New York. By the law of that state, as here pleaded, the agreement is valid and enforceable according to its terms, despite the fact that the parties are husband and wife. Under that law, she is entitled to recover the agreed amount as though she were a stranger to defendant, in all except the agreement. Any subsequent change in defendant's financial or physical condition or any equities or disabilities that would not affect *Page 200 
parties not sharing a marital relationship, would not prevent complainant from recovering the amount sought. The answer, while insisting that the law of New Jersey governs, says that the agreement to pay $15 weekly is not supported by any consideration and therefore is not enforceable under New York law.
The capacity of the parties to enter into the contract, the validity of the contract, and the extent of the obligation thereby created are determined by the law of the place where the contract was made, that is, New York. Law v. Smith, 68 N.J. Eq. 81;Thompson v. Taylor, 66 N.J. Law 253; Cutts v.Najdrowski, 123 N.J. Eq. 481 (trust); Restatement: Conflict ofLaws ¶¶ 333, 346. In Mayer v. Roche, 77 N.J. Law 681, Mr. Justice Swayze said that the proper law of the contract is the law by which the parties intended the contract to be governed. He mentioned three indicia that the parties in that suit intended to be bound by New York law — the contract (a promissory note) was dated in New York and was there payable; it was valid by New York law and the parties are assumed to have meant to make a binding contract. In the present case there are no like guides to intention except the last. I presume the parties intended to be governed by the law of the place where they executed their contract. The defendant contends that his covenant is not supported by a valuable consideration. Clearly the wife's covenant above quoted is sufficient consideration. SecondNational Bank v. Curie, 116 N.J. Eq. 101.
So defendant became and still is obligated to pay his wife $15 a week. Enforcement of the obligation, in our courts, is not contrary to our public policy. Such contracts have often been enforced in this court. Indeed, when made in New Jersey and governed by New Jersey law they are generally binding in equity.Cohen v. Cohen, 121 N.J. Eq. 299; Moller v. Moller, Ibid.175.
So much of the answer as relates to the insurance policy suggests a partial defense and may stand; the rest will be struck. Unless the parties can agree upon the amount due, there will be a reference to a master to settle the figure. *Page 201