**UNITED STATES of America,**
**Plaintiff,**

v.

**R. E. WILLIAMS, Special Administrator for the Estate of George D. Stout, and United States Savings Bank of Newark, New Jersey, Defendants.**

Civ. A. No. 24-56.

United States District Court
D. New Jersey.
April 3, 1958.

---

762

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Barbara Ann Morris, Asst. U. S. Atty., Montclair, N. J., for the Government.

Alden Reid, San Bernardino, Cal., for defendant Williams.

Herrigel, Bolan & Herrigel, Newark, N. J., by Joseph Ginsburg, Newark, N. J., for defendant Bank.

WORTENDYKE, District Judge.

In this action the Government sues to recover from defendant Bank the amount of the balance due upon a savings account, No. 142,631 therein, standing in the name of "George D. Stout, in trust for Merritt Lane, friend." The Government's claim arises through a levy and distraint upon the account for income tax deficiencies assessed against Merritt Lane, deceased. 26 U.S.C. §§ 3670, 3678, 3690 and 3692. Demand for payment of the aggregate amount of those deficiencies was made upon decedent's executrix, who made certain payments on account thereof but left a balance unpaid for which said levy and distraint was made. George Stout, the creator of the savings account levied upon, died intestate, a resident of San Bernardino County, California, on April 9, 1947, and defendant R. E. Williams, as Public Administrator of that County, was duly appointed administrator of the estate of said intestate. The beneficiary, Merritt Lane, a resident of Madison, New Jersey, died on or before June 23, 1939. The Government seeks judgment in this action declaring that said administrator has no interest in said savings account. Defendant Bank admits the account which it says was opened September 25, 1933 in the amount of $1,950.29. The following withdrawals from the account were made by the depositor, viz.: $400 on December 12, 1933; $400 on August 25, 1936; and $200 on June 5, 1937. Items of accrued interest were added from time to time through June 30, 1957, when the credit balance was $1,-529.38.

On October 9, 1954 the executrix of Merritt Lane duly assigned all her right,

title and interest in the bank account to the Government. The Bank concedes its liability to pay the amount due under said Account, but alleges doubt as to whether the Government or Williams is entitled to the balance therein. Accordingly, the Bank has sought interpleader between plaintiff and Williams, and an adjudication of their respective rights in the fund. Service by mail having been effected upon the Administrator (Williams) in accordance with order of this Court, he has answered and claims that the balance in the bank account belongs to the estate of George D. Stout, of which he is Administrator. In lieu of trial, the parties have submitted the case upon a written stipulation of facts, and upon briefs for Government and Bank respectively. No brief has been filed for Williams.

The contract between the Bank and the depositor having been made and to be performed in the State of New Jersey, both the Government and the Bank concede that right to the fund must be governed by New Jersey law. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109, Cutts v. Najdrowski, E. & A. 1938, 123 N.J.Eq. 481, 198 A. 885. The single question here presented, therefore, will be answered by a determination of the ownership of the bank account as of June 23, 1939, the latest possible date of the taxpayer's death.

In 1933, when the bank account here in dispute was opened, N.J.R.S. 17:9–4 read as follows:

"When a deposit has been or shall be made in a bank, savings bank or trust company by a person in trust for another, and no other or further notice of the existence and terms of a legal and valid trust has been given in writing to the bank, savings bank or trust company, in the event of the death of the trustee, the same or any part thereof, together with the dividends or interest thereon, shall be paid to the person in trust for whom the deposit was made, or to his legal representative and the legal representative of the deceased trustee shall not be entitled to the funds so deposited nor to the dividends or interest thereon notwithstanding that the funds so deposited may have been the property of the trustee. * * * "

The foregoing statutory provisions were considered and construed in Bendix v. Hudson County National Bank, E. & A. 1948, 142 N.J.Eq. 487, at page 491, 59 A.2d 253, at page 256, where the Court said:

"* * * R.S. 17:9–4, N.J.S.A., does not give rise to a conclusive presumption of the existence of an intention to make an absolute gift *inter vivos* or to create an irrevocable trust. * * * The statute has application only where 'no other or further notice of the existence and terms of a legal and valid trust has been given in writing to the bank;' * * *. The form of the account is but *prima facie* evidence of a gift or a trust *inter vivos*; it constitutes presumptive evidence of an intention to make the purported gift or to create the trust which stands until overthrown by proof *contra*. The statute simply raises a rebuttable presumption of a valid and enforceable gift or trust. * * * "

The evidence in this case does not disclose some unequivocal act during the depositor's lifetime which would give rise to an irrevocable trust, and we are, therefore, relegated to the presumption which arises under the statute. In the absence of any evidence which would rebut the presumption of an intention to create a trust, or a revocation thereof *pro tanto* by the withdrawal of sums by the depositor, the intended beneficiary, had he survived the depositor, would have been entitled to what remained in the account free from any claim on the part of the depositor's representatives. Abruzzese v. Oestrich, Ch.1946, 138 N.J.Eq. 33, 47 A.2d 883; Hickey v. Kahl, Ch.1941, 129 N.J.Eq. 233, 19 A.2d 33.

Where, however, as here, the beneficiary predeceased the depositor, the question presented is whether such survival by depositor of the beneficiary did not terminate the tentative trust. Although the stipulated facts, of necessity, raised this question as an issue, it was not briefed, and my research did not result in the disclosure of any controlling authority explicitly so holding.

Before the passage of R.S. 17:9–4, a deposit of money in a savings account in the name of the depositor in trust for another who was dead at that time did not give rise to a trust. Nicklas v. Parker, Ch.1905, 69 N.J.Eq. 743, 61 A. 267, affirmed E. & A. 1907, 71 N.J.Eq. 777, 71 A. 1135. In New York, where a tentative trust of savings bank deposited money was first sustained, the rule was laid down that the trust, in absence of some unequivocal act on the part of the depositor manifesting an intent to create an irrevocable trust, did not arise unless the depositor died before the beneficiary before revocation. In re Totten, 1904, 179 N.Y. 112, 71 N.E. 748, 70 L.R.A. 711; Conry v. Maloney, 1950, 5 N.J. 590, 76 A.2d 899. Therefore, where the beneficiary predeceases the depositor, the trust is automatically terminated. Rs. Trusts, § 58, Comment b; 1 Scott, Trusts (2nd ed.) § 58.4. However, the phrase " * * * or to his legal representative" is suggestive of a trend toward a contrary rule.

In Jefferson Trust Co. v. Hoboken Trust Co., Ch.1930, 107 N.J.Eq. 310, at page 313, 152 A. 374, at page 376, the court held, that statute which included the phrase "or to his or her legal representatives" was intended "merely to protect a trust company from liability in the event of its making payment * * *." We know, today, that more was intended. Bendix v. Hudson County National Bank, supra. However, in Thatcher v. Trenton Trust Co., Ch.1936, 119 N.J.Eq. 408, 411, 182 A. 912, 914, the court said, in answer to the argument that the 1932 act also merely intended to protect depositaries:

"From a comparison of the language of the acts of 1903 and 1932, and consideration of the fact that the act of 1932 was enacted shortly after the decision in Jefferson Trust Co. v. Hoboken Trust Co., supra, it may well be assumed that the purpose back of the 1932 act was to accomplish such a change in the law as to prevent in future such result as had been adjudicated in the last-named case. The meaning and effect of a statute, however, must be determined on the basis of the language which has actually been used."

Therefore, there has been a gradual advancement toward the acceptance of the "Totten Trust" in New Jersey, but a recognition that the statute was meant to do more than protect depositaries does not answer the question of what is the effect of the death of the beneficiary before the depositor. I doubt that the phrase in question was meant to do more than to protect the depositary in its payment while also providing for the creation of a tentative trust in a proper case. Bendix v. Hudson County National Bank, supra. Beyond this the legislature did not appear to intend to permit such a trust to arise despite the prior death of the beneficiary. In subsequent legislation, although not conclusive as to this issue, the legislature specifically provided that the prior death of the beneficiary terminates the trust. N.J.S. 17:9A–216, subd. A(2), N.J.S.A.

The precise question here presented was before the court in Abruzzese v. Oestrich, supra, where the beneficiary had predeceased the depositor. Because the beneficiary died testate leaving her property to the depositor, thereby accomplishing the same ultimate disposition, whether the depositor received the money because the trust was terminated by the beneficiary's prior death or under the will of the beneficiary, the court declined to rule on the problem, saying in 138 N.J.Eq. at pages 43–44, 47 A.2d at page 890:

"Now for the devolution of Mrs. Smith's half of the fund. In New York, it is considered that upon the death of the named beneficiary in the

lifetime of the depositor, the interest of the beneficiary terminates and the depositor holds free of any trust, tentative or otherwise. The direction in our statute that payment be made to the beneficiary 'or to his or her legal representatives', may indicate a different rule. However, Mrs. Smith died testate, making her mother, Mrs. Bear, her sole legatee and naming her executrix. \* \* \* So, either because of the nature of these bank account trusts, or by force of Mrs. Smith's will, the representatives of Mrs. Bear are entitled to one-half of the fund."

Subsequently, in Bendix v. Hudson County National Bank, supra, the court in construing this statute described the beneficiary as being merely a *putative cestui* who must survive the depositor, saying in 142 N.J.Eq. at pages 490, 492, 59 A.2d at page 256:

" \* \* \* [I]f the decedent's design was not a presently operative gift, but rather a transfer to himself as trustee with a reservation of full ownership and absolute dominion over the fund or chose in action until his death, the putative *cestui* to take the balance of the credit in the event of his survival, without any immediate interest in the deposit, there was not a gift *in praesenti* or a valid trust *inter vivos;* and the gift in case of survival, *i.e.*, to take effect upon the death of the transferor, would be testamentary in character and void for non-conformance with the Statute of Wills. (Citing cases.)"

"Apart from the protection afforded the depositary, the evident purpose was to raise, as between the depositor and the putative *cestui*

*inter se,* a rebuttable presumption of an inter vivos gift or trust from the form of the account, nothing more."

■ If the trust remained revocable in the lifetime of the depositor, it continued to be revocable after the beneficiary's death. If there still remained any trust after the beneficiary's death, it was, at best, tentative. But who was the *cestui* after the death of the beneficiary? No provision was expressed by the depositor for the contingency, which has occurred, in which the beneficiary has predeceased the depositor. But the interest of the beneficiary here was, at the time of his death, purely contingent. There was no expression of intent by the depositor that the "trust" created by the deposit was to pass to the beneficiary's administrator, executor or legatee upon the beneficiary's death before the death of the depositor. There was no vesting of equitable title to the trust res in the named sole beneficiary. No title to the res passed to the beneficiary's executor. There was no interest of the beneficiary which could be reached by his creditors. Rs. Trusts, § 162. See, Muller v. Cox, Ch.1925, 98 N.J.Eq. 188, 130 A. 811.

Therefore, I hold that the prior death of the putative *cestui* terminated the tentative trust and that the representative of the deceased depositor, Stout, is entitled to the fund. Since the trust is held terminated, it is unnecessary to discuss the effect of the deposit in trust as aided by the rebuttable presumption raised by the statute.

This opinion shall constitute my findings of fact and conclusions of law, as required by Rule 52(a), Fed.Rules Civ. Proc. 28 U.S.C., and an order for judgment accordingly may be presented.